IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES ROBERT BLODGETT,<br><br>                Plaintiff,<br><br>vs.<br><br>SILVER BOW DISTRICT COURT, ROBERT J. WHELAN, ANN M. SHEA, KELLI FIVEY, and J. BLAINE ANDERSON,<br><br>                Defendants.<br>_____<br>JAMES ROBERT BLODGETT,<br><br>                Plaintiff,<br><br>vs.<br><br>SILVER BOW COUNTY DETENTION CENTER, MARK JOHNSON, OFFICER RAY VAUGHN, and TRACY ADAMS,<br><br>                Defendants. | CV 23–92–BU–BMM–JTJ<br>CV 23–93–BU–BMM<br><br><br>ORDER |

Plaintiff James Robert Blodgett has filed two civil rights complaints under 42 U.S.C. § 1983, alleging violations of his constitutional rights by the Montana state district court and at the Butte-Silver Bow City-County Detention Facility in Butte, Montana. (*See* CV 23–92–BU–BMM–JTJ, Doc. 5; CV 23–93–BU–BMM,

1

Doc. 2.) Although Cause No. CV 23–92–BU–BMM–JTJ is dismissed with prejudice, Blodgett will be given the opportunity to amend certain claims pled in Cause No. CV 23–93–BU–BMM.

## I. Prescreening

Because Blodgett is a prisoner proceeding in forma pauperis, his complaint must be reviewed under 28 U.S.C. § 1915. A court is required to dismiss a complaint filed in forma pauperis before the complaint is served if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii), 1915A(b). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To proceed on the merits, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate

"where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## II.   Statement of the Case(s)

Blodgett is a pretrial detainee at Silver Bow City-County Detention Facility. He is proceeding in forma pauperis and without counsel. (*See* CV 23–92–BU–BMM, Doc. 7; CV 23–93–BU–BMM–JTJ, Doc. 5.)

### A.   CV 23–92–BU–BMM–JTJ

In his first cause of action, Blodgett names the following defendants: Montana state district court for Silver Bow County, Montana state District Judge Robert J. Whelan, Deputy County Attorneys Ann M. Shea and Kelli Fivey, and Defense Counsel J. Blaine Anderson. (*See* CV 23–92–BU–BMM–JTJ.) The crux of this pleading is that Defendants have denied him effective assistance of counsel and a speedy trial by failing to bring him to trial in a timely manner. Blodgett claims that those denials have led to his prolonged detention under unconstitutional conditions of confinement—specifically, he has been denied proper nutrition, consistent blood pressure monitoring, and proper responses to his grievances. (*See*

3

*id.*, Doc. 5.) For relief, he asks that the criminal cases against him be dropped, $1,500 per day for each day his speedy trial rights have been violated, and $450,000 for pain and suffering. (*Id.* at 3.)

    **B.**    **CV 23–93–BU–BMM**

In his second cause of action, Blodgett names the following defendants: Butte-Silver Bow County Detention Center, Mark Johnson, Officer Ray Vaughn, and Tracy Adams. (*See* CV 23–93–BU–BMM–JTJ.) This pleading specifically outlines the following ten claims: (1) speedy trial rights violation, (2) health care rights violation, (3) the fact he should be released on bond and is being charged for his medication, (4) the fact he should be eligible for release because his "current revocation was only a 2 year revocation," (5) delays in mail delivery, (6) inadequate nutrition, (7) a violation of his rights under the Prison Rape Elimination Act ("PREA"), (8) the use of mass/group punishment, (9) the failure to properly retrieve and respond to grievance forms, and (10) the general negligence of the staff. (*See* CV 23–93–BU–BMM–JTJ, Doc. 2-1.) Similar to the relief requested above, Blodgett seeks to have his state charges dropped, "medical reimbursement," $100,000, and "staff to be held accountable." (*Id.*, Doc. 2 at 5.)

**III.**    **Claims**

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v.*

4

*McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted).

For the reasons outlined below, Cause No. CV 23–92–BU–BMM is dismissed without leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As it relates to Cause No. CV 23–93–BU–BMM, Blodgett will be given the opportunity to amend the following claims: delayed mail, unjustified lockdown, inadequate medical care, inadequate meals, and retaliation.

### A. CV 23–92–BU–BMM–JTJ

Blodgett first claims that the Montana state court, the Montana state judge, the Montana state prosecutor, and Montana state defense counsel violated his Sixth Amendment rights to effective assistance of counsel and to a speedy trial by failing to try him in a timely matter. Blodgett further alleges that this delay has forced him to remain in custody unnecessarily and the conditions of his continued confinement violate his Fourteenth Amendment rights as a pretrial detainee. Section 1983 provides no avenue for relief for these claims against these Defendants. Blodgett fails to state a claim upon which relief can be granted and

this matter is dismissed with prejudice.

Blodgett's claims against the Montana state district court and the Montana state district judge fail as a matter of law because "[a]bsolute immunity is generally accorded to judges . . . functioning in their official capacities." *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). Judicial immunity remains subject to certain limitations, such as when a judge's acts are not taken in a judicial capacity or when there is an absence of jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Blodgett alleges no such facts here. Montana state district judge Whelan's actions related to the alleged setting and resetting of Blodgett's trial constitute judicial acts because they were taken as part of his normal function as a Montana state court judge. Given that these claims are barred by judicial immunity, no additional factual allegations would overcome this infirmity. Blodgett's claims against the Montana state district court and Montana state district judge are dismissed without leave to amend.

Blodgett's claims against the Montana state prosecutors likewise fail. Prosecutors are entitled to immunity from § 1983 suits "when [they] act within the scope of [their] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *see Van de Kamp v. Goldstein*, 555 U.S. 335, 340–42 (2009) ("[T]he immunity that the law grants prosecutors is absolute." (Internal quotation marks omitted)). To maintain a § 1983 claim against a prosecuting attorney, there must

Case 2:23-cv-00092-BMM-JTJ   Document 20   Filed 03/12/24   Page 7 of 20

be plausible allegations that the prosecutor "acted outside of [his] prosecutorial function to the injury of the plaintiff." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 777 (9th Cir. 2001). Blodgett alleges that the Montana state prosecutors violated his constitutional right to a speedy trial by delaying his pending trial. Trial scheduling and preparation falls squarely within the scope of traditional prosecutorial duties. The Montana state prosecutors are also immune from suit and Blodgett's claims against them are dismissed without leave to amend.

Finally, Blodgett's claims against defense counsel fail as a matter of law because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

Blodgett's underlying Sixth Amendment challenges cannot proceed against the above defendants. The attendant Fourteenth Amendment claim related to the conditions of his confinement fail as well. While there have been instances where a prosecutor acted outside the bounds of immunity in the context of pretrial detention, *see Gobel v. Maricopa Cnty.*, 867 F.2d 1201, 1206 (9th Cir. 1989), those facts are not present here. Moreover, there are no facts Blodgett can allege under which the above defendants are responsible for those conditions. Based on the foregoing, CV 23–92–BU–BMM–JTJ is dismissed in its entirely under 28 U.S.C. §

1915 without leave to amend.

    **B.**    **CV 23–93–BU–BMM**

As a pretrial detainee, Blodgett's constitutional rights are protected by the Fourteenth Amendment Due Process Clause. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). Fourteenth Amendment due process claims are evaluated under an objective deliberate indifference standard. *Gordon*, 888 F.3d at 1124–25 (applying *Castro v. L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc)); *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015). The "more protective" Fourteenth Amendment standard requires more than minimal necessities, *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004), but does not require conditions of confinement free from discomfort, *Bell v. Wolfish*, 441 U.S. 520, 534–35 (1979). Essentially, "a condition of confinement for an inmate who has not been convicted violates the . . . Fourteenth Amendment[] if it imposes some harm to the detainee that significantly exceeds or is independent of the inherent discomforts of confinement and is not reasonably related to a legitimate governmental objective or is excessive in relation to the legitimate governmental objective." *Unknown Parties v. Nielsen*, 611 F. Supp. 3d

8

786, 796 (D. Ariz. 2020) (citing *Kinglsey*, 576 U.S. at 397–98).

Blodgett alleges ten causes of action against four defendants. Ultimately, Blodgett's complaint fails to state a claim in any capacity, largely because he does not make specific allegations against specific defendants. Nevertheless, Blodgett will be given the opportunity to amend his pleading as it relates to the following claims: delayed mail, unjustified lockdown, inadequate medical care, inadequate meals, and retaliation. Blodgett's remaining claims are dismissed with prejudice. Further detail is provided below.

### 1. Defendants

"A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (internal quotation marks and alteration omitted). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.* The plaintiff must prove personal participation in the alleged deprivation of rights as "there is no respondeat superior liability under section 1983." *Bell v. Clackamas Cnty.*, 341 F.3d 858, 867 n.3 (9th Cir. 2003).

"A supervisor is only liable for constitutional violations of his subordinates

if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). And, under *Monell v. Department of Social Services*, the County Detention Facility can be liable under § 1983 only if its "policy or custom" caused the plaintiff's injures through deliberate indifference to his constitutional rights. 436 U.S. 658, 694 (1978); *see Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 681 (9th Cir. 2021).

Blodgett lists four defendants: Butte-Silver Bow Detention Center, Mark Johnson, Ray Vaughn, and Tracy Adams. (*See* CV 23–93–BU–BMM, Doc. 2 at 2–3.) Blodgett fails to identify, however, which individual defendants were personally involved in the deprivation of any of his rights. Blodgett does not allege the existence of an official policy or custom that underlies the deprivations. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (clarifying that in the *Monell* context, a plaintiff must make factual allegations that, when taken as true, "suggest an entitlement to relief"). Blodgett's complaint fails to state a claim under § 1983 on this basis alone. This deficiency can be cured by amendment. Blodgett will be given the opportunity to do so as to many of his claims. That said, certain claims are not tenable as a matter of law and are dismissed with prejudice as discussed below.

   **2.**  **Speedy Trial (Claim 1)**

Similar to the allegations in his other case, Blodgett first alleges that his Sixth Amendment right to a speedy trial has been violated as his defense attorney failed to file a motion to dismiss. (CV 23–93–BU–BMM, Doc. 2-1 at 10.) This claim is fatally deficient because defense counsel is not a defendant in this cause of action, and it would be futile to amend to add defense counsel for the reason stated above. *See Polk Cnty.*, 454 U.S. at 325 (holding that defense counsel does not act under "color of state" law when engaged in defending an indigent criminal defendant). This claim is dismissed without leave to amend.

### 3. Bond and Length of Revocation Sentence (Claims 3, 4)

Blodgett further alleges that the detention facility "has refused to honor [his] [Department of Corrections] Judgment" and he should be eligible for release because he posted bond and his "current revocation was only a 2[-]year revocation." ((CV 23–93–BU–BMM, Doc. 2-1 at 11.) These allegations are confusing insofar as Blodgett's previous claim indicates that he is a pretrial detainee. More importantly, however, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). Blodgett seeks release through these claims. Blodgett must pursue these claims through habeas relief and are not cognizable under § 1983. These claims are dismissed

without leave to amend.

### 4. Prison Rape Elimination Act (Claim 7)

Blodgett further alleges that his "PREA rights" were violated when female guards entered his cell without announcing themselves, including when Blodgett was in his underwear. (CV 23–93–BU–BMM, Doc. 2-1 at 12–13.) Contrary to Blodgett's allegation, this claim cannot proceed under PREA because "PREA does not create a private right of action that can be brought by an individual plaintiff." *Hatcher v. Harrington*, 2015 WL 474313, at *5 (D. Haw. Feb. 5, 2015) (collecting cases). Blodgett's allegation that the female guard's conduct made him "uncomfortable" proves insufficient to state a claim under the Fourteenth Amendment. *See Nuriddin v. Estrella*, 2014 WL 727133, at *2–3 (E.D. Cal. Feb. 24, 2014) (collecting cases showing wide array of allegedly sexual conduct by a correctional officer that nonetheless did not give rise to constitutional violation). Blodgett's PREA claim is not cognizable under § 1983. It is also dismissed without leave to amend.

### 5. Mail (Claim 5)

Blodgett alleges that mail is delayed by approximately two weeks, which causes inmates to miss filing deadlines and prevents the timely deposit of money to inmate accounts. (CV 23–93–BU–BMM, Doc. 2-1 at 11–12.) Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264,

265 (9th Cir. 1995) (per curiam) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)).  And "[p]rison officials generally have a responsibility to forward mail to inmates promptly." *Hill v. Schmidt*, 2023 WL 8191115, at *3 (W.D. Wash. Nov. 8, 2023).  "But a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights." *Id.* (internal quotation marks omitted).  Blodgett alleges that his mail is generally delayed. Blodgett does not plausibly allege any improper motive.  As discussed above, Blodgett also fails to identify the specific individual defendant responsible for the alleged deprivation.  As such, Blodgett's current pleadings fails to state a claim with regard to mail delay.  The allegation of additional facts may give rise to a plausible claim. Blodgett will be permitted to amend this claim to add those facts.

### 6. Mass Punishment (Claim 8)

Blodgett alleges that he was subject to "mass punishment" when the facility placed him in lockdown and denied him phone privileges based on the misconduct of other inmates.  (CV 23–93–BU–BMM, Doc. 2-1 at 13.)  No outright constitutional prohibition exists against "mass punishment" or "lockdown."  Such a claim fails as a matter of law.  The deprivations of an inmate's liberty associated with an unjustified lockdown however "may constitute a due process violation, as well as a violation of the Eighth Amendment, if [it] persist[s] too long."

13

*Pepperling v. Crist*, 678 F.2d 787, 789 (9th Cir. 1982). Such a determination depends on "the unique factual situations presented by each case." *Id.*; *see also Sandin v. Connor*, 515 U.S. 472, 484 (1995) (focusing on whether the change in the terms of the inmate's confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Kingsley*, 576 U.S. at 396–96 (emphasizing that courts must look to objective evidence to determine whether conditions were reasonably related to a legitimate penological or security purpose); *but see Hayward v. Procunier*, 629 F.2d 599, 600–03 (9th Cir. 1980) (holding five-month lockdown did not violate Due Process Clause or Eighth Amendment).

Blodgett alleges that he was "punished for 2 weeks without paper trail evidence of why." (CV 23–93–BU–BMM, Doc. 2-1 at 13.) More information is needed to assess whether he may pursue a due process claim based on these facts. Specifically, Blodgett must identify the individual defendants who are responsible for the alleged deprivation of his rights and the circumstances surrounding the lockdown. Blodgett shall be given an opportunity to amend this claim in order to do so.

### 7. Medical Care (Claim 2)

Blodgett further claims that he has been denied healthcare, specifically the defendants failed to test him for syphilis, treat his kidney pain, or treat his heart

condition. (CV 23–93–BU–BMM, Doc. 2-1 at 10–11.) As stated above, Blodgett's claims challenging the adequacy of his medical care are assessed under the Due Process Clause of the Fourteenth Amendment. *Gordon*, 888 F.3d at 1124–25. The elements of such a claim are as follows:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (cleaned up). Ultimately, "the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quotation marks and footnote omitted). "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quotation marks omitted).

Blodgett once again fails to identify the specific individual defendants allegedly responsible for violating his constitutional rights in this context. Blodgett also fails to plead misconduct rising above the level of mere negligence. Indeed, Blodgett's amended complaint states that his potential harms are "due to

15

the negligance [sic] of jail staff." (CV 23–93–BU–BMM, Doc. 2-1 at 10.) Blodgett fails to state a claim for inadequate medical care under the Fourteenth Amendment. Blodgett may be able to allege the facts necessary to support such a claim. Blodgett will be given leave to amend this claim.

### 8. Meals and Nutrition (Claim 6)

Blodgett alleges that meal rations "are far below what they should be" and that special health meals have not been provided for him despite his medical need. (CV 23–93–BU–BMM, Doc. 2-1 at 12.) "Food is one of life's basic necessities," and the government is obligated to provide those in its custody "with adequate sustenance on a daily basis." *Foster v. Runnels*, 554 F.3d 807, 812–14 (9th Cir. 2009) (analyzing in the Eighth Amendment context). The repeated and unjustified failure to provide adequate food amounts to a serious deprivation. *Id.* at 814. Blodgett must establish that prison officials acted with deliberate indifference. *Gordon*, 888 F.3d at 1125. Courts have found that the repeated denial of meals manifesting in physical symptoms meets this standard. *See Foster*, 554 F.3d at 813 n.2, 814. Blodgett's claim that individual meals are insufficient fails to meet this requirement. Blodgett also fails to identify the specific defendant responsible for the deprivation or allege the harms he suffered as a result of that deprivation. He will be given the opportunity to amend this claim to do so.

### 9. Grievances (Claim 9)

16

Blodgett alleges that he regularly turns in "legitimate grievances" to which he receives no response or that are followed by "guards tossing [his] cell with false accusations." (CV 23–93–BU–BMM, Doc. 2-1 at 13.) To the extent Blodgett is challenging Butte-Silver Bow's grievance policy, he lacks a liberty interest insofar as "[t]here is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (the Prison Litigation Reform Act "does not require exhaustion when *no* pertinent relief can be obtained through the internal process"). This claim fails as a matter of law.

To the extent Blodgett claims he has been subjected to retaliatory action by prison officials for making grievances, such a claim may lie in the First Amendment. A prisoner makes out a retaliation claim if he shows that a state actor took an adverse action against him because of his prison grievance or lawsuit; that such adverse action would have chilled a person of ordinary firmness from exercising his First Amendment rights; and that the action did not reasonably advance a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009); *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). As currently pled, Blodgett has not made such a showing. Blodgett will be given the opportunity to amend.

    **10.**    **General Negligence (Claim 10)**

Finally, Blodgett alleges general negligence by prison staff on the basis that he "personally watched" a guard turn his back on an inmate that was unresponsive on the floor. (CV 23–93–BU–BMM, Doc. 2-1 at 13.) Blodgett lacks standing to complain about the deprivations of the constitutional rights of others. *Powers v. Ohio*, 499 U.S. 400, 410 (1991). As such, this claim is dismissed without leave to amend.

## IV. Conclusion

Based on the above, Blodgett fails to state any viable claims under § 1983. Blodgett may amend his pleading in CV 23–93–BU–BMM as outlined above. Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Any amended complaint must consist of **short, plain statements** telling the Court: (1) the rights Blodgett believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what **each** defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Blodgett's rights; (5) when the alleged actions took place; and (6) what injury Blodgett suffered because of that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Cause No. CV 23–92–BU–BMM–JTJ is DISMISSED WITH PREJUDICE. The Clerk is directed to close the case and enter a judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. The Clerk is further directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of his decision would not be taken in good faith. The record makes plain the Complaint in CV 23–92–BU–BMM–JTJ is frivolous as it lacks arguable substance in law or fact. All pending motions in CV 23–92–BU–BMM–JTJ are DENIED as moot.

2. The Collection Order in CV 23–92–BU–BMM–JTJ (Doc. 8) is RESCINDED, and the Clerk is directed to apply any of the funds collected pursuant to that order to the filing fee in CV 23–93–BU–BMM.

3. By **April 17, 2024**, Blodgett may file an amended complaint in Cause No. CV 23–93–BU–BMM.

4. The Clerk of Court is directed to provide Blodgett with an Amended Complaint form. The Amended Complaint must contain all of Blodgett's claims in one document and not refer to or incorporate other documents.

3. If Blodgett fails to file a timely Amended Complaint, Blodgett's case will be dismissed. In that event, the Clerk of Court is directed to close the case and

enter judgment pursuant to Fed. R. Civ. P. 58. In that event, the dismissal will count as a strike against Blodgett within the meaning of 28 U.S.C. 1915.

4. At all times during the pendency of this action, Blodgett must immediately advise the Court of any change of address. Failure to do so may result in the dismissal of the action for failure to prosecute.

DATED this 12th day of March, 2024.

_____
Brian Morris, Chief District Judge
United States District Court